**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


_____
                               :
BENJAMIN KING,                 :
                               :   Civil Action No. 10-1237 (NLH)
            Petitioner,        :
                               :
      v.                       :         O P I N I O N
                               :
EDWARD F. REILLY, JR., et al., :
                               :
            Respondents.       :
_____:
```

**APPEARANCES**:

Benjamin King, Pro Se
#11894007
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

Elizabeth Ann Pascal, Esq.
U.S. Attorney's Office
401 Market Street
P.O. Box 2098
Camden, NJ 08101
Attorney for Schultz and
    Reilly

John L. Slimm, Esq.
Marshall, Dennehey, Warner
    Coleman & Goggin
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
Attorney for Federal Community Defender Office
    and Haynes


**HILLMAN**, District Judge

Petitioner filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. Respondents Federal Community Defender Office for Eastern District of Pennsylvania and Angela Haynes have filed a motion to dismiss (docket entry 9).

Respondent Edward F. Reilly, Jr., has filed an answer to the petition (docket entry 12).  For the following reasons, the Court will deny the claims concerning Petitioner's parole revocation and calculation of sentence.  The motion to dismiss will be dismissed as moot.  Petitioner's ineffective assistance of counsel claim will be dismissed, without prejudice to Petitioner filing it in the proper forum.

## BACKGROUND

On June 1, 1998, Petitioner was sentenced by the District of Columbia Superior Court to 10 years imprisonment for destruction of property.  On November 2, 2001, he was paroled but was released to a detainer from the State of Maryland.  Petitioner was eventually released from Maryland custody to serve his parole in the community.

On September 21, 2004, Petitioner was arrested in the District of Columbia and charged with second-degree assault, and as a fugitive from justice.  As a "DC Code" Offender, the United States Parole Commission ("USPC" or "Commission") had jurisdiction over the case, and the authority to make parole decisions.[1]  On September 30, 2004, the Commission issued a

---

[1] Under the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, effective August 5, 1998, Congress transferred the authority of the D.C. Parole Board to the USPC.  The D.C. Parole Board was abolished and the USPC assumed responsibility for making parole determinations for D.C. Code offenders.  See D.C. Code § 24-131 (2001).

warrant charging Petitioner with violating his conditions of parole for the assault charge, and for using illegal drugs. On December 9, 2004, the warrant was supplemented with two additional assault charges. On May 12, 2008, the Commission again supplemented the warrant with two additional charges for various drug offenses. Meanwhile, in accordance with the Commission warrant, after his release from his state sentences on April 16, 2008, Petitioner was transferred to the custody of the Commission.

On August 18, 2008, the Commission conducted a revocation hearing. Petitioner admitted to certain charges, and the hearing examiner considered the quantity of cocaine involved in one of the charges to determine Petitioner's offense severity. After reviewing police reports, the hearing examiner confirmed that Petitioner's offense involved 115.2 grams of cocaine, constituting a Category Six severity violation. Combining that Category Six rating with Petitioner's Salient Factor Score of 3 points, the hearing examiner recommended that parole be revoked and that Petitioner serve in the guideline range of 78-100 months prior to re-parole.

On September 18, 2008, Petitioner's parole was revoked. Petitioner received no credit for the time spent on parole, and was ordered to serve 100 months, to March 6, 2012. Petitioner appealed the decision, arguing that (1) since he did not plead

guilty to possessing a particular amount of drugs his violation should not be rated a Category Six; and (2) Petitioner's role in the drug conspiracy was peripheral warranting a rating of a Category Five instead of Category Six.  On December 15, 2008, the National Appeals Board rejected these arguments and affirmed the hearing examiner's decision.  The Board found that there was no documentary evidence indicating that the factual basis for Petitioner's plea was different than what the police report revealed as to the amount of drugs, and second, that the documentary evidence did not support that argument that Petitioner's role was peripheral in the drug conspiracy.

On August 19, 2009, Petitioner filed this habeas petition.  Petitioner argues that the Commission violated his due process rights by rating him a Category Six, and that he received ineffective assistance of counsel at the revocation hearing.  In response to this Court's Order to Answer the petition, respondents Haynes and Defender Office filed a motion to dismiss on August 9, 2010.  Respondent Schultz and Reilly filed an answer to the petition on September 7, 2010.  On November 1, 2010, Petitioner filed opposition to the motion to dismiss.

## DISCUSSION

**A.   Standard of Review**

Petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not

4

be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.    The Petition Must Be Denied.**

A federal court's role in reviewing decisions by the Parole Commission is limited.

> The appropriate standard of review of the Commission's findings of fact "is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons." Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976); see also 28 C.F.R. § 2.18 ("The granting of parole to an eligible prisoner rests in the discretion of the United States Parole Commission.").  This Court should review, however, whether the Commission "has followed criteria appropriate, rational and consistent" with its enabling statutes so that its "decision is not arbitrary and capricious, nor based on impermissible considerations." Zannino, 531 F.2d at 690.  To this end, "the Commission may not base its judgment as to parole on an inaccurate factual predicate." Campbell v. United States Parole

5

Comm'n, 704 F.2d 106, 109 (3d Cir. 1983) (citations omitted).

Furnari v. Warden, Allenwood Federal Correctional Institution, 218 F.3d 250, 254 (3d Cir. 2000).

In making its decisions, the Parole Commission may consider hearsay, counts of an indictment that have been dismissed, and information in a separate dismissed indictment. See Campbell v. United States Parole Comm'n, 704 F.2d 106, 109-10 (3d Cir. 1983) (collecting cases).

The Commission uses guidelines promulgated under the authority of Section 11231 of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub.L. 105-33 (eff. August 5, 1998), to determine how long a D.C. Code offender should be incarcerated. See also D.C. Code § 24-404 ("Whenever it shall appear to the [Commission] that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be, the [Commission] may authorize his release on parole upon such terms and conditions as the [Commission] shall from time to time prescribe.").

An inmate's total score is calculated by adding points in the following categories: salient factor; current or prior

6

violence; and death of victim or high level of violence. See 28 C.F.R. § 2.80(f).

> Salient factor points reflect the inmate's perceived risk of recidivism and are awarded based on his age at the time of the offense and the number and nature of his previous offenses. 28 C.F.R § 2.20. Violence points reflect the use of violence or a firearm in the current offense or in previous offenses. § 2.80(f). Death-of-victim points reflect murder and other specifically enumerated crimes involving a "high level" of violence, even if the victim survived. Id. After adding these points together, the inmate's base guideline range is calculated in months. § 2.80(h). This range may then be adjusted upward for disciplinary infractions while incarcerated, § 2.80(j), or downward for "superior program achievement," § 2.80(k).

Brown v. Williamson, 2009 WL 205626, *2 (3d Cir. 2009).

The Commission's regulations define "current offense" as any criminal behavior that is either reflected in the offense of conviction or that "[i]s not reflected in the offense of conviction but is found by the Commission to be related to the offense of conviction (i.e., part of the same course of conduct as the offense of conviction)." 28 C.F.R. § 2.80(g)(6).

In this case, as noted, Petitioner was found to be a Category Six severity rating. Petitioner contends, as he did before the National Appeals Board, that because he did not plead guilty to having more than 100 grams but less than 500 grams of "crack" cocaine, which would support a Category Six rating, that his rating was incorrect. However, the Commission relied upon a Statement of Probable Cause, part of a police report which supported Petitioner's arrest for drug conspiracy, which set forth that the quantity of drugs involved in Petitioner's arrest

7

was 115.2 grams of crack cocaine. As 115.2 grams is clearly a Category Six quantity, the Commission had a "rational basis" for its finding.

The fact that Petitioner pled guilty to a charge that did not specify the quantity of drugs is irrelevant. As provided by the relevant Code of Federal Regulations:

> The Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond. If the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability.

28 C.F.R. § 2.19©. The record reflects that the hearing examiner informed Petitioner's counsel at the revocation hearing of the quantity of drugs noted in the probable cause statement. Counsel had the opportunity to, and actually did, respond to the allegations. Although not available immediately, at some point after the hearing, counsel was provided a copy of the probable cause statement. Petitioner submitted nothing to refute the quantity of drugs found. Thus, as Petitioner had an opportunity to respond on the quantity issue, the Commission could properly take into account the probable cause statement as "substantial information available to it in establishing the prisoner's offense severity rating." (Answer, Affidavit of Gervasoni, Exhibit 8).

Further, Petitioner's argument that he had a "peripheral role" in the drug conspiracy offense, and therefore should have been graded as a Category Five, is not supported by the record. As defined in the Code of Federal Regulations, a "peripheral" role "refers to conduct such as that of a person hired as a deckhand on a marijuana boat, . . . a simple courier ..... a person hired as a chauffeur in a drug transaction. This definition does not include persons with decision-making or supervisory authority." 28 C.F.R. § 2.20, Ch. 9, Subch. C, ¶ 921(e). In this case, the record reveals that Petitioner's girlfriend told the police that Petitioner was a drug dealer, and a large amount of cash and drugs were found in the apartment that Petitioner shared with his girlfriend. Further, the State of Maryland indicted Petitioner for, and Petitioner plead guilty to, conspiring with his girlfriend to distribute the crack cocaine. Thus, it was not unreasonable for the Commission to reject the argument that Petitioner played a "peripheral" role in the drug conspiracy charge. (Answer, Affidavit of Gervasoni, Exhibit 12, 13).

Moreover, Petitioner's claim that he was denied effective assistance of counsel at the revocation hearing is not properly before this Court. Because Petitioner was convicted in the District of Columbia, his sole post-conviction remedy lies under D.C. Code § 23-110, and he may not proceed with a federal habeas petition alleging ineffective assistance of counsel unless the §

9

23-110 remedy "is inadequate or ineffective to test the legality of his detention."  See Warren v. Bledsoe, 349 Fed. Appx., 687, 688 (3d Cir. Oct. 19, 2009)(unpubl.) (quoting D.C. Code § 23-110(g), and citing Swain v. Pressley, 430 U.S. 372, 377-78 (1977)).  Petitioner has filed at least one § 23-110 motion in the District of Columbia Superior Court.  Petitioner states that his motion was construed as a habeas petition, and was dismissed without prejudice to filing the instant petition in this Court. (Pet., ¶ 11).  However, Petitioner also states that his ineffective assistance of counsel claim was not discovered until after he filed his 23-110 motion.  (Pet., ¶ 13).  He states that he did not present this issue on appeal of his revocation hearing because he "was not aware of Mrs. Haynes, ineffective assistance, until after this defendant filed his 23-110 [in the Superior Court of the District of Columbia, date of result February 2009]."  (Petition, ¶ 11, 13).  Therefore, it would follow that Petitioner has not presented his ineffective assistance of counsel claim in a 23-110.  Thus, the ineffective assistance of counsel claim will be dismissed for lack of jurisdiction, without prejudice, to Petitioner filing a 23-110 motion asserting this claim in the Superior Court of the District of Columbia, should he so desire.[2]

---

[2] However, this Court notes that a review of the record reveals that Petitioner's claim lacks merit.  See Strickland v. Washington, 466 U.S. 668, 686 (1984).  A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied.

10

C.  **Certificate of Appealability**

For purposes of federal habeas relief, because Petitioner is in custody pursuant to a District of Columbia court judgment, he is a state prisoner.  See Keitt v. U.S. Parole Comm'n, 238 Fed. Appx. 755, 758 (3d Cir. June 8, 2007)(unpubl.) (citing Madley v. U.S. Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002).  Given that Petitioner seeks to challenge his continued detention, he must obtain a certificate of appealability to pursue this appeal.  See 28 U.S.C. § 2253(c)(1)(A); see also Madley, 278 F.3d at 1310.

Pursuant to 28 U.S.C. § 2253©, unless a circuit justice or judge issues a certificate of appealability, an appeal may not be

---

See Strickland, 466 U.S. at 687.  First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness."  Id. at 687-88.  Next, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.

Petitioner's ineffective assistance of counsel claim is based on the fact that his revocation hearing was delayed beyond the 90-day time limit mandated by the Commission's guidelines.  However, Petitioner makes only conclusory claims that the delay caused prejudice ("the delay did prejudice this defendant's ability to defend myself against the violations . . . ." "The procedural guidelines w[ere] not follow[ed] in this defendant['s] case.  The hearing examiner, did note that this defendant['s] hearing was being conducted (2) months pas[t] the scheduled date based on the Parole Commission Guidelines." "This defendant['s] right to due process was violated.").  (Pet., ¶ 12).  Additionally, in this action, counsel for respondent Haynes, Petitioner's attorney at the revocation hearing, has submitted evidence demonstrating that Petitioner was asked at the revocation hearing if he was prejudiced by the delay, and Petitioner replied "no."  (Motion to Dismiss, Exhibit 8, Affidavit of Haynes).  Thus, Petitioner does not relay how he was prejudiced, and therefore, cannot show that the results of his proceedings would have been different had counsel not performed [allegedly] deficiently.

11

taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003).

In this case, jurists of reason would not disagree that Petitioner's constitutional claims are without merit.  Thus, no certificate of appealability shall issue.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition will be denied, and the motion to dismiss will be dismissed as moot.  Petitioner's ineffective assistance of counsel claim will be dismissed, without prejudice.  No certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

An appropriate Order accompanies this Opinion.


/s/ NOEL L. HILLMAN
NOEL L. HILLMAN
United States District Judge

Dated: March 7, 2011
At Camden, New Jersey